IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TATYANA L. MCBEE**                                            **PETITIONER**
ADC #715851

VS.                  No. 4:25-CV-883-DPM-ERE

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include their factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt this RD without independently reviewing the record.

### I.      Summary

Tatyana L. McBee, an inmate at the McPherson Unit of the Arkansas Division of Correction, has filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. For reasons that follow, I recommend: (1) granting Respondent's motion to dismiss the petition with prejudice as time barred; and (2) denying Ms. McBee's motion to voluntarily dismiss the petition without prejudice.

## II.  Background

On September 12, 2016, the State charged Ms. McBee with aggravated robbery and unauthorized use of another person's property to facilitate certain crimes. *Doc. 6-1*. An affidavit supporting an application for Ms. McBee's arrest stated that she and others robbed a bank at gunpoint. *Doc. 6-2*. On November 4, 2016, Ms. McBee, through counsel, filed a motion seeking suppression of all evidence obtained as a result of her arrest. *Doc. 6-3*.

On April 11, 2018, while Ms. McBee's motion to suppress remained pending, she entered an unconditional guilty plea on both charges. *Docs. 4, 5*.  Pursuant to a negotiated plea agreement, the State recommended thirty years in prison, with ten years suspended. *Doc. 6-4 at 2*. Ms. McBee received a sentence of twenty years in prison, with ten years suspended, on the aggravated robbery conviction and twenty years on the unauthorized use conviction, with the sentences to run concurrently. The trial court filed the sentencing order on April 19, 2018.  Ms. McBee did not appeal.[1]

---

[1] In Arkansas, there is no right to appeal from an unconditional guilty plea, but a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369, 370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere."). The Arkansas Supreme Court has identified two exceptions: "(1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Hewitt,* 362 Ark. at 371 (citations omitted).

On July 2, 2018, Ms. McBee filed a petition for a reduced sentence pursuant Ark. Code Ann. § 16-90-111, asserting:

> I was 18 years of age during the time of the committed crime[.] I have never been in trouble with the law before. I also believe that I received an excessive sentence [and] was dealt with unfairly by the prosecution.

*Doc. 6-6 at 2*. On January 19, 2022, the trial court denied Ms. McBee's petition. *Doc. 6-7*. Ms. McBee did not appeal.

On April 14, 2022, Ms. McBee filed a state habeas petition, asserting that her sentence was a departure from applicable sentencing guidelines and significantly longer than one of her codefendants, in violation of her equal protection and due process rights. *Doc. 6-8* On April 20, 2022, the trial court issued an order denying Ms. McBee's state habeas petition. *Doc. 6-9*. Ms. McBee did not appeal.

On July 21, 2025, Ms. McBee filed a second state habeas petition, asserting illegal search and seizure, discriminatory plea bargaining, equal protection and due process violations, and ineffective assistance of counsel. *Doc. 6-10*. Before the trial court issued a written ruling on Ms. McBee's second habeas petition, she filed a notice of appeal to the Arkansas Supreme Court from "final Order of the Circuit Court . . . entered on July 31, 2025." *Doc. 6-11*. A review of the state court record suggests that Ms. McBee misidentified the States' answer to her petition, filed July 31, 2025, as an order denying her petition.

On October 3, 2025, the state trial court denied Ms. McBee's second habeas petition. *Arkansas v. McBee*, No. 31CR-16-120-01 (Howard Cnty. Cir. Ct., Order filed Oct. 3, 2025). As of the date of this Recommendation, Ms. McBee's appeal related to her second habeas petition, which she filed before the trial court denied her petition, remains pending in the Arkansas Supreme Court.

On August 15, 2025, Ms. McBee filed the § 2254 petition now before the Court[2] asserting the following grounds for relief: (1) her sentence exceeds the range set forth in a pre-sentence report; (2) her trial attorney rendered ineffective assistance by failing to pursue a motion to suppress filed by her initial attorney; (3) she was subjected to an illegal arrest and false imprisonment; and (4) state police searched her vehicle and residence and seized items without a warrant. *Doc. 2 at 16-18*.

On September 25, Respondent filed a motion to dismiss the petition as time barred or, alternatively, procedurally defaulted. *Docs. 5, 6*. In addition, Respondent asserts that Ms. McBee's illegal arrest, false imprisonment, and illegal search and seizure claims are not cognizable in federal habeas. *Id.*

---

[2] The Clerk of Court received Ms. McBee's § 2254 petition for filing on August 28, 2025, and entered it on the docket that day. However, giving Ms. McBee the benefit of the "prison mailbox rule," the petition is deemed filed on the date she placed it in the prison mail system: August 15, 2025. See *Doc. 2 at 15* (declaring under penalty of perjury that the petition was placed in the prison mailing system on 15 August 202); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing); see also Rule 3(d) Rules Governing § 2254 Cases in the United States District Courts.

On October 31, Ms. McBee filed a motion requesting to voluntarily dismiss her petition without prejudice. *Doc. 10*.

On November 13, Respondent filed a response to Ms. McBee's motion, reasserting that the petition is time barred and should be dismissed with prejudice. *Doc. 11*.

### III.   Discussion

#### A.   Ms. McBee's Petition is Time Barred

##### 1.   The One-Year Statute of Limitations Began Running On Tuesday, May 22, 2018

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of four dates set forth under § 2244(d)(1). The applicable date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3]

---

[3] In appropriate cases, if the factual basis for a federal habeas claim is not immediately available when the judgment of conviction becomes final, the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D)). Contrary to Ms. McBee's suggestion, that provision does not apply in this case. Ms. McBee alleges that in September 2023, after "several months of corresponding with the Howard County Clerk," she received "newly discovered evidence" and filed a second state habeas on July 21, 2025. *Doc. 2 at 13-14, 16-18.* Ms. McBee indicates that the "newly discovered evidence" she obtained in September 2023 consisted of documents filed in her criminal case that supply the predicate facts for her illegal search and seizure claims. *Doc. 10 at 1, 3-4.* However, she does not explain why she waited five years to request documents filed in her criminal case, and she makes no effort to show

*Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)).

The trial court entered the judgment and sentencing order on April 19, 2018 (*Doc. 10-4*), and the judgment became final on Monday, May 21, 2018. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that judgment deemed final thirty days from entry of judgment for Arkansas defendant who entered unconditional guilty plea and did not appeal); see also Ark. R. App. P. Crim. 2(a)(1) (providing that notice of appeal must be filed within thirty days from entry of a judgment or uniform sentencing order); see also Ark. R. App. P. Crim. 17 (providing that when a filing deadline falls on a Saturday, Sunday, or legal holiday, it shall be extended to the next business day). The one-year, AEDPA statute of limitations started running the next day, Tuesday, May 22, 2018.[4] Absent statutory or equitable tolling, Ms. McBee's § 2254 petition, deemed filed on August 15, 2025, is time barred.

---

that the factual predicate for any one of her federal habeas claims could not have been discovered before September 2023.

[4] *King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

## 2. Statutory Tolling Paused the AEDPA Limitation Period 1,363 Days, Giving Ms. McBee Until February 13, 2023 to File a § 2254 Petition

The AEDPA limitation period is tolled "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

The one-year limitations period in Ms. McBee's case ran 41 days, from May 22 until July 2, 2018, when she filed a petition for a reduced sentence, which tolled the limitations period.[5] The trial court denied Ms. McBee's petition on January 19, 2022, but the petition remained pending for AEDPA tolling purposes during the period that Ms. McBee could have, but did not, appeal the trial court's decision.[6]

---

[5] "[T]he Supreme Court has . . . instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such. *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir. 2006) (citing *Evans v. Chavis*, 546 U.S. 189, (2006)). Arkansas's statutory time limitation for a petition to correct a sentence imposed in an illegal manner, as opposed to a claim that the sentence is facially illegal, is governed by Arkansas Rule of Criminal Procedure 37.2(c). *Redus v. State*, 2019 Ark. 44, 3 (2019). Because Ms. McBee's allegations did not implicate the facial validity of the judgment, she had ninety days from the date the judgment, until July 18, 2018, to file a petition for a reduced sentence.

[6] In *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009), the Eighth Circuit reaffirmed the holding in *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002), that an application for postconviction relief remains "pending" for AEDPA tolling purposes during the time for appeal, even if the petitioner does not appeal. In *Evans v. Chavis*, 546 U.S. 189 (2006), issued three years *prior* to *Streu*, the Supreme Court held that the AEDPA limitations period was not tolled for a three-year interval between the denial of postconviction relief and the petitioner's filing a notice of appeal from that decision. However, *Evans* involved California's unique postconviction review scheme, which required that the petitioner appeal within a "reasonable" time after the lower court's adverse decision and did not involve a definite, statutorily prescribed period for filing appeal. In any event, it is assumed that the Eighth Circuit considered *Evans* in deciding *Streu*, and this Court is duty bound to follow precedential decisions of the Eighth Circuit.

In Arkansas, a notice of appeal must be filed within thirty days from entry of an order denying a petition for a reduced sentence. Ark. R. App. P. Crim. 2(a)(4). The AEDPA limitations period tolled 1,327 days, from the initiation of the postconviction proceedings on July 2, 2018 until February 18, 2022, when the time for appeal expired.

On February 19, 2022, the limitations period began running and ran an additional 55 days until April 14, 2022 (for a total 96 days) when Ms. McBee filed her first state habeas petition.[7] The trial court denied the petition on April 20, 2022, and it remained pending for AEDPA purposes until May 20, 2022, when the time for appeal expired. At this point, 269 days remained on the AEDPA clock (365-41-55).

The AEDPA statute of limitations period expired on February 13, 2023 (269 days after May 20, 2022). Ms. McBee filed her second state habeas petition on July 21, 2025, but it had no tolling effect because the limitations period had expired almost two and one-half years earlier. Post-conviction petitions filed after the AEDPA's limitations period runs out cannot toll the already-expired one-year limitations period. *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th Cir. 2003).

---

[7] Neither the Arkansas Constitution nor state statutes place a time limit on pursuing a writ of habeas corpus. *Renshaw v. Norris*, 337 Ark. 494, 499, 989 S.W.2d 515, 518 (1999).

### 3.     Ms. McBee Is Not Entitled to Equitable Tolling.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) she has been pursuing her rights diligently, but (2) some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (holding that a pro se petitioner's misunderstanding of Arkansas rules and statutes do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

"The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[,]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Ms. McBee does not invoke equitable estoppel by name, but she contends that she discovered the factual predicate for her habeas claims in September 2023, after she requested and received

copies of documents filed in her criminal case.[8] By Ms. McBee's own account, she waited approximately five years before she requested the publicly filed documents, and she makes no attempt to show that she diligently pursed her rights but extraordinary circumstances prevented her from filing a timely § 2254 petition.

### B.     Ms. McBee Is Not Entitled to Dismissal Without Prejudice

In response to Respondent's motion to dismiss, Ms. McBee filed a counter motion to dismiss. *Doc. 10*. She asks the Court to dismiss her petition without prejudice pending resolution of her pending appeal in the Arkansas Supreme Court "due to procedural default." *Id. at 1, 4*.  It appears she may believe that resolution of her pending state appeal will remedy a procedurally defaulted claim joined in this federal habeas case.

Rule 41(a)(1) of the Rules of Civil Procedure allows a plaintiff to dismiss an action without prejudice at any time before the opposing party files an answer or motion for summary judgment. Rule 41(a)(2) guards against voluntary dismissals unfair to the other side and provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

---

[8] See *supra* note 3.

In *Williams v. Clarke*, 82 F.3d 270 (8th Cir. 1996), the Eighth Circuit rejected the argument that Rule 41(a)(1) does not apply in the habeas context.[9] In that case, a state death-row inmate sought federal habeas relief under § 2254, alleging new evidence of juror misconduct. Before the federal habeas case proceeded, the state court granted a stay of execution and evidentiary hearing regarding alleged juror misconduct. Consequently, the petitioner requested to dismiss his § 2254 petition without prejudice for the purpose of exhausting his available state remedies. On appeal, the Eighth Circuit held that in the "particular context" of that case, Rule 41(a)(1) voluntary dismissal was not being used as a stalling tactic and was "both appropriate and consistent with the rules governing habeas corpus cases." *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996).

The present case has nothing in common with *Williams*. First, no valid purpose would be served by dismissing the petition without prejudice. Contrary to Ms. McBee's suggestion, her pending state appeal will not remedy a procedural default or somehow restart the AEDPA's one-year limitations period. Second, Respondent has established that the petition is time barred. Dismissing the petition without prejudice at this point would ignore AEDPA's statute of limitations and

---

[9] The rules of civil procedure apply in habeas cases to the extent that they are not inconsistent with the rules governing habeas corpus cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.

11

permit Ms. McBee to delay the inevitable: dismissal of her time-barred federal habeas claims with prejudice.

Ms. McBee's motion to dismiss the petition without prejudice should be denied.

## IV. Conclusion

Ms. McBee filed her § 2254 petition for habeas corpus more than two years after the one-year limitation period expired on December 15, 2022, and she has failed to demonstrate that statutory or equitable tolling permit consideration of her federal habeas claims.

IT IS THEREFORE RECOMMENDED that:

1. Respondent's motion to dismiss (*Doc. 5*) be GRANTED, Petitioner Tatyana L. McBee's motion to dismiss without prejudice (*Doc. 10*) be DENIED, and the § 2254 petition (*Doc. 2*) be DISMISSED with prejudice.

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[10]

Dated 18 December, 2025.

_____
UNITED STATES MAGISTRATE

---

[10] A certificate of appealability should be denied because Ms. McBee has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).